CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE
THIS CAUSE came before the Court on Defendant, HBN Media, Inc.'s Motion to Dismiss or Stay the Complaint [ECF No. 12], filed May 4, 2018. The Court has carefully reviewed the Class Action Complaint [ECF No. 1]; the Motion; Plaintiff, Cody Becker's Response in Opposition [ECF No. 18]; Defendant's Reply [ECF No. 21]; Plaintiff's Notice of Supplemental Authority [ECF No. 23]; and applicable law. For the reasons explained below, the Motion is denied.
Plaintiff, a resident of the state of Florida (see Compl. ¶ 8), brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. section 227, for Defendant's unsolicited telemarketing directed toward prospective customers such as Plaintiff, without regard for consumers' privacy rights (see id. ¶¶ 1, 3). Plaintiff filed suit after the Georgia-based Defendant (see id. ¶ 9) transmitted two text messages to his cellular telephone promoting Defendant's lead generation and customer relationship management software (see id. ¶¶ 4, 25). The TCPA prohibits any person from calling a cellular telephone number, using an automatic telephone dialing system, without the recipient's prior express consent. (See id. ¶ 10 (citing 47 U.S.C. § 227(b)(1)(A) ) ). Defendant's text messages to Plaintiff, the first stating, "Have a Happy Thanksgiving from Bridgett and The Commissions Inc. Family;" and the second stating, "Greetings! It's Bridgett with CINC. Don't miss our March Madness Special Promotion. If you are still in the market for lead generation/crm service please give me a call at 678-384-2007" (id. ¶ 25); constitute telemarketing and advertising (see id. ¶ 26); and were transmitted by Defendant using an automatic telephone dialing system (see id. ¶ 31).
Defendant's unsolicited text messages caused Plaintiff harm (see id. ¶ 35), and violated the TCPA (see id. ¶ 54). Plaintiff brings this action on behalf of a Class defined as: "All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a *1344 text message, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, advertising Defendant's services, without the recipients' prior express written consent." (Id. ¶ 37). He seeks declaratory relief; a permanent injunction; and the award of actual, statutory damages, and/or trebled statutory damages. (See id. ¶ 55).
Defendant requests an order dismissing the Complaint on the basis there is no personal jurisdiction over it in this forum as to non-Florida-resident class members. (See Mot. 1).[1] In the alternative, it seeks dismissal of the allegations pertaining to non-Florida-residents. (See id. ). Should the Court not grant either form of relief, then Defendant moves for an order staying the litigation pending the Eleventh Circuit's decision on Article III standing to bring a TCPA claim in another case. (See id. ). These arguments fail to persuade.
For its first two related arguments pertaining to non-Florida putative class members in this as-yet uncertified putative class action, Defendant relies on Bristol-Myers Squibb Co. v. Superior Court of California , --- U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017). (See Mot. 2-10). In Bristol-Myers , a group of plaintiffs residing outside California filed a mass action suit in California state court against a non-resident prescription drug manufacturer, alleging defects with pharmaceutical products. See id. at 1777-78. While Bristol-Myers had engaged in substantial activities in California, the nonresident plaintiffs had not purchased, used, or suffered injuries from the drug in California. See id. at 1781-82. The Supreme Court held "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. at 1780 (alteration in original; internal quotation marks and citation omitted). "The mere fact that other plaintiffs were prescribed, obtained, and ingested [the drug] in California-and allegedly sustained the same injuries as did the non-residents-does not allow the State to assert specific jurisdiction over the nonresidents' claims." Id. at 1781 (emphasis in original; alteration added).
The parties' briefing reflects there is a split of authority regarding whether Bristol-Myers should be read to hold a district court in Florida lacks personal jurisdiction as to the claims of non-Florida putative class members. (See, e.g. , Mot. 9, n.2; Reply 1). As noted by Plaintiff, Bristol-Myers addressed out-of-state plaintiffs pursuing out-of-state claims in a state court mass action. (See Resp. 4). The Court is persuaded by the case law cited by Plaintiff supporting his position Bristol-Myers does not apply to class actions such as this one, and does not find it necessary to distinguish, as Plaintiff does in his Response, the several cases Defendant discusses in its Motion. (See id. ).
Tickling Keys, Inc. v. Transamerica Financial Advisors, Inc. , 305 F.Supp.3d 1342, 2018 WL 1701994 (M.D. Fla. Apr. 4, 2018), involved violations of the TCPA arising from unsolicited facsimile advertisements. There, the court made the following pertinent observations at the motion-to-dismiss stage, which are equally applicable here:
Defendants argue that the Court lacks personal jurisdiction over [Defendants] regarding the putative class because "[t]he class definition includes 'all persons' who 'were sent telephone facsimile messages' and is therefore not limited to *1345 putative members who were sent faxes in Florida." ... As support, Defendants[ ] chiefly rely on Bristol-Myers Squibb Company .... Defendants' interpretation of Bristol-Myers is twice flawed.
First, Bristol-Myers was not a class action; rather, it was a multi-plaintiff products liability action originally filed in California State court that named both resident and non-resident plaintiffs. Id. at 1778. The U.S. Supreme Court left open "the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1784. Second, the holding of Bristol-Myers addressed mass tort actions. The applicability of Bristol-Myers in the class-action setting is still an open question. See id. at 1789 (Sotomayor, J., dissenting) (explaining that the Bristol-Myers opinion did not "confront the question whether its opinion ... would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured [in that forum]"). For purposes of personal jurisdiction, this distinction is meaningful. See, e.g., Fitzhenry-Russell, et al. v. Dr. Pepper Snapple Grp., Inc. , No. 17-cv-00564-NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017).
"In a mass tort action, like the one in Bristol-Myers , each plaintiff is a real party in interest to the complaints, meaning that they were named as plaintiffs in the complaints." Id. By contrast, in a putative class action, "one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the 'named plaintiffs' are the only plaintiffs actually named in the complaint." Id. (citing Fed. R. Civ. P. 23 ). So the Court declines to extend Bristol-Myers to the class action context. See, e.g., Fitzhenry-Russell , 2017 WL 4224723, at *4 (declining to extend Bristol-Myers to a class action at the motion to dismiss stage); In re Chinese-Manufactured Drywall Prods. Liability Litig. , No. 09-2047, 2017 WL 5971622, at *12-13 (E.D. La. Nov. 30, 2017) (same).
Id. at *6 (second, sixth and seventh alterations in original; remaining alterations added). See also Feldman v. BRP United States, Inc. , 17-CIV-61150, 2018 U.S. Dist. LEXIS 53298, *14-16 (S.D. Fla. Mar. 28, 2018) (disagreeing Bristol-Myers required the dismissal of non-Florida putative class members from proposed nationwide class of purchasers and comparing differences between mass actions, where each plaintiff is a real party in interest, from class actions which must satisfy the due process safeguards of Rule 23 (citations omitted) ); Molock v. Whole Foods Mkt., Inc. , 297 F.Supp.3d 114, 126-27 (D.D.C. 2018) ("These additional elements of a class action supply due process safeguards not applicable in the mass tort context. In light of these key distinctions ... the court joins the other courts that have concluded that Bristol-Myers does not require a court to assess personal jurisdiction with regard to all non-resident putative class members." (alteration added) ).
The Court rejects Defendant's suggestion it cannot exercise personal jurisdiction over it on the basis the Complaint's proposed Class definition includes non-Florida residents who, like Plaintiff, received unsolicited text message advertisements in violation of the TCPA.
Defendant's final argument is the Court should stay the case on the basis the Eleventh Circuit's forthcoming decision in the interlocutory appeal in Hanna v. Salcedo , Case No. 17-14077 (11th Cir. 2017), will likely address the injury-in-fact requirement for alleging standing in a TCPA claim under the standard announced in *1346 Spokeo, Inc. v. Robins , --- U.S. ----, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). (See Mot. 10-11). While at least one court has elected to stay a TCPA case pending the outcome in Hanna (see Reply 2 (citing Fridman v. Collection LLC , No. 18-cv-20348, 2018 WL 2254570, at *1 (S.D. Fla. Mar. 27, 2018) ) ); another court denied a motion to stay that relied on the pendency of Hanna , concluding to do so would amount to an indefinite stay (see Resp. 2 & 10 (citing Powell v. Youfit Health Clubs Ltd. Liab. Co. , No. 17-cv-62328, 2018 U.S. Dist. LEXIS 80523, at *4 (S.D. Fla. Apr. 10, 2018) ) ).
Defendant is not illuminating with regard to any briefing schedule in Hanna or the anticipated date of a decision, nor does it address the prejudice to Plaintiff and proposed class members from fading memories and potential loss of putative class data and evidence. Certainly, the interest of judicial economy in having one less active case on the undersigned's docket is insufficient reason to enter a stay and delay litigation already commenced by Plaintiff for allegedly wrongful conduct that took place in November 2017 and March 2018. (See Compl. ¶ 25). See also Mancini v. JPMorgan Chase Bank, N.A. , No. 1:15-cv-61524, 2016 WL 1273185, at *1 (S.D. Fla. Mar. 28, 2016). On this record, the Court is not persuaded a stay is appropriate.
For the foregoing reasons, it is
ORDERED AND ADJUDGED that Defendant, HBN Media, Inc.'s Motion to Dismiss or Stay the Complaint [ECF No. 12] is DENIED .
DONE AND ORDERED in Miami, Florida, this 6th day of June 2018.

Defendant acknowledges the Court may exercise personal jurisdiction over it with respect to the claim of the named Plaintiff and other Florida residents described in the Class definition. (See Mot. 2-3).